## ABRAHAM HARGIS, qui tam, v. WILLIAM SEBASTIAN.

Supreme Court. October 20, 1800.

*Wilson's Red Book, 305.*

*Bayard* and *Harvey* for plaintiff. *Wilson* and *Hall* for defendant.

First count was that he exported from the State of Delaware one negro slave; second, that he sold, with an intention to export, one other negro slave; third, that he carried out for sale one other negro slave etc. Plea *nil debet* and issue.

Plaintiff proved that defendant purchased a negro lad and conveyed him into the State of Maryland, but it turned out the lad was born free, and at that time was an indented servant, and caused himself to be sold to defendant that he might run away, and was to have half the money.

Plaintiff then proved defendant's declarations that he was in partnership in the exportation business with a man called Jones, and one Spears, who was a foreigner, as well as defendant, and

then was going on to prove Spears' declarations that he had thirty slaves at Snowhill about the time of defendant's arrest.

*Wilson* objected that the declarations of a partner not sued could not be evidence against defendant in a case which in no manner affected the partnership, but which was of a personal and criminal nature.

*Bayard.* This is a civil and not a criminal suit. This is an action of debt. It is ruled in Douglas's Reports that the declarations of one partner are evidence against another. And the public are concerned to repress such a traffic.

*Wilson.* Though it be an action of debt, it is founded on no convention between the parties. The exportation of a slave is a crime proscribed by the Act of Assembly that has been read, and an indictment will lie for it. The contract, which is the foundation of this action is made by the Act, and *non culpa* is as good a plea to this action as *nil debet,* for the question is whether the defendant is guilty of the crime prohibited. A partnership with Spears at best is only for exportation, and the partnership is not to be affected by a verdict in this cause. The case in Douglas was of a partnership transaction, and the firm was to be affected. Spears could not be affected by those declarations, and reason revolts at the idea that one man should be made criminally guilty by the declarations of another. Spears must be living, legally speaking, and his evidence should have been procured.

*Vining* for defendant. This evidence is to give color and warp the public opinion, but is clearly irrelevant. The writ is for £100, the *narratio* £300; this evidence will support neither.

PER CURIAM. JOHNS, C. J. You are disputing of facts. If the partnership is fully established, that will entitle you to give evidence of the declarations of the partner. Go on. There is no doubt but plaintiff may now proceed to prove another Negro carried out of the state.

Plaintiff proved the declarations of Spears, which showed a partnership; that he had had thirty Negroes at Snowhill, and that defendant had not finished his business. But whether any of those thirty came from Delaware there was no proof, except that Spears said they had had better bargains in Delaware than he had had.

JOHNS, C. J. Gentlemen it is your province to decide the facts, upon which we are not disposed to intimate our opinion. You are to consider whether Levi Johnson was a slave or not. If he was, and was carried out by defendant, your verdict should be for

plaintiff. But if he was free, you are next to inquire whether there were any other Negro or Negroes carried out by defendant. This point you must determine on Tendal's evidence, whether it is to be believed or not. If you believe there was a partnership, and believe that defendant was concerned in carrying those thirty slaves out of the state, then your verdict should be for plaintiff; but if not, then it must be for the defendant.

Verdict for the defendant.